Takt, J.
The bill of exceptions discloses that, at the conclusion of all the evidence, the trial judge, who was the trier of the facts, made statements which clearly indicate his findings that, apart from defendant’s violation of Section 4513.20, Revised Code, requiring effective emergency brakes, defendant was not guilty of a violation of either Section 4511.20, Revised Code (operating without due regard, etc.), or Section 4511.18, Revised Code (second degree manslaughter). In view of these findings, it is apparent that the trial court’s conviction o.f defendant must necessarily rest upon its conclusion (1) that defendant’s violation of Section 4513.20, Revised Code, was a proximate cause of the death of Mrs. Nash (see Jackson v. State [1920], 101 Ohio St., 152, 127 N. E., 870) and (2) either (a) that a violation of Section 4513.20, Revised Code, is the violation of a “law * * * applying to the # * # regulation of traffic” within the meaning of Section 4511.18, Revised Code, or (b) that one who knowingly drives a car in violation of Section 4513.20, Revised Code, is guilty of violating Section 4511.20, Revised Code.
In contending that Section 4513.20, Revised Code, is not a *352 “law * * * applying to the * * * regulation of traffic” within the meaning of those words as used in Section 4511.18, Revised Code, defendant points out that the former statute is in a different chapter of the Revised Code from that which contains the latter and that the two chapters have different headings.
However, Sections 4511.18 and 4513.20, Revised Code, were derived from Sections 6307-18 and 6307-92 in the same chapter of the General Code and were even originally enacted at the same time and as a part of the same so-called “Uniform Traffic Act.” See Section 6307-1, General Code, and 119 Ohio Laws, 766.
In adopting the Revised Code, the General Assembly specifically stated in Section 1.24 that it did “not” intend “to change the law as heretofore expressed by the section or sections of the General Code. ’ ’ Certainly, there was no doubt, prior to the enactment of the Revised Code, that Section 6307-92, General Code, was, within the meaning of Section 6307-18, General Code, a “law * * * applying to the * * * regulation of traffic.” In our opinion, Section 4513.20 is a “law * * * applying to the.* * * regulation of traffic” within the meaning of those words as used in Section 4511.18, Revised Code.
On the evidence in this record the trier of the facts could have found that, if defendant’s truck had had the emergency brakes required by Section 4513.20, Revised Code, defendant could and would have stopped it before it struck Mrs. Nash. Certainly, a motor vehicle driver can foresee, as did the General Assembly in enacting Section 4513.20, Revised Code, that a pedestrian on the sidewalk may be injured if his motor vehicle has no emergency brakes when its service brakes fail. In our opinion, therefore, the question whether there was a proximate causal relationship between defendant’s violation of Section 4513.20, Revised Code, and the death of Mrs. Nash was a question of fact for the trier of the facts.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Hekbebt, JJ., concur.
Bell and O’Neill, JJ., not participating.